IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES JERMAINE KING,**

      Petitioner,

v.                                               **CIVIL ACTION NO. 2:11cv50**
                                                     **(Judge Bailey)**

**MRS. KUMA J. DEBOO,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 30, 2011, the *pro se* petitioner, Charles Jermaine King, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking to have credit applied against his sentence for time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. The petitioner paid the filing fee on July 15, 2011. On July 18, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On August 18, 2011, the petitioner filed an "Amendment to Complaint" in which he sought as additional relief that the court consider remanding the case back to the sentencing court with instructions to address the matter of the concurrent sentences. On October 3, 2012, the respondent filed a Motion to Dismiss or for Summary Judgment. On October 4, 2011, a Roseboro Notice was issued. On October 24, 2011, the petitioner filed a response.

### II. FACTS

1

On December 19, 2007, the petitioner was arrested by Virginia state authorities for Distribution of Cocaine. (Dckt.# 17-1, p. 1.) On March 18, 2008, the petitioner was sentenced by the state of Virginia to a term of imprisonment of 2 years 11 months. (Id.)

On May 19, 2008, federal authorities borrowed the petitioner from state authorities pursuant to a federal writ. (Dckt.# 17-4.) On October 19, 2009, the petitioner was sentenced in the United States District Court for the Western District of Virginia to a 180 month term of imprisonment to be served concurrently with the state sentence imposed in the Virginia court. (Dckt.# 17-2, p. 2.) On November 5, 2009, the petitioner was returned to state officials via return writ. (Dckt.# 17-4.) On June 21, 2010, the petitioner was released by state authorities to federal authorities to serve the remainder of his federal sentence. (Doc.# 17-5.) With consideration for prior custody credit and good conduct time, his projected release date is December 26, 2022. (Dckt.# 17-5.)

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) His federal sentence should be credited with the time he spent in federal custody on the writ of habeas corpus *ad prosequendum* .

The Government contends that the petition should be dismissed because:

(1) petitioner is not entitled to any additional prior custody credit because to do so would give him double credit for his detention time.

### IV. ANALYSIS

The petitioner argues that he is entitled to credit against his federal sentence for the time he served from April 22, 2008, the date he was temporarily turned over to the custody of the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum*, through October 18, 2009, the day before his federal sentencing. More specifically, the petitioner argues that because

2

his federal sentence was ordered to run concurrently with his state sentence, the BOP cannot arbitrarily assign the date of October 18, 2009 to begin calculating his federal sentence. Although not specifically stated, the petitioner appears to argue that because he was serving his state sentence during this relevant period, his federal sentence, which was ordered to run concurrently, must include that time.

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18, United States Code, Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence").

However, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad*

*prosequendum*; he is merely 'on loan' to federal authorities.").

In the instant case, the federal court sentenced the petitioner on October 19, 2009, and ordered his federal sentence to run concurrently with the state sentence he was already serving. Although the petitioner was not actually in custody of federal officials for purposes of this sentence until he was placed in the custody of the Bureau of Prisons on June 21, 2010, the Bureau of Prisons made a *nunc pro tunc* designation of the state facility for service of the federal sentence in order to carry out the wishes of the federal sentencing court's concurrent sentence. Therefore, the petitioner's federal sentence is deemed to have begun on October 19, 2009, the date his federal sentence was imposed.

Thereafter, the petitioner properly received credit towards his federal sentence while he was in state custody following his federal sentencing date of October 19, 2009, until the expiration of his state sentence on June 21, 2010. However, despite his argument to the contrary, he is not entitled to additional credit towards his federal sentence for the time he spent in detention on the writ ad prosequendum.

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made

clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**) (emphasis added).

Here, the petitioner's state sentence ran continuously from its start on March 18, 2008, until its expiration on June 21, 2010. (Dckt. 8-11.) Therefore, the petitioner received credit against his state sentence for the time he spent in detention pursuant to the writ *ad prosequendum*. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence. In reaching this conclusion, the undersigned recognizes that the petitioner has cited Brown v. Perill, 21 F.3d 1008 (10th Cir. 1994) for the argument that he is entitled to credit for the time he was in federal custody pursuant to the writ even though it counted towards fulfillment of his state prison term. However, the sentencing claim in Brown involved application of 18 U.S.S. § 3568, which does not apply to the petitioner's sentence. In the Sentencing Reform Act of 1984, effective November 1, 1987, Congress repealed § 3568 and recodified it at § 3585(b) "[t]o make clear that a defendant could not receive double credit of his detention time." Wilson, 503 U.S. at 337. Because the petitioner's federal offense were committed after November 1, 1987, § 3585(b) applies to defeat any claim for time credited to his prior state sentence.

Finally, to the extent that the petitioner in his "Amendment to Complaint" seeks a remand to the sentencing court to address the matter of the concurrent sentencing issue, the petitioner is asking

5

for relief that is not available to him in a § 2241 petition.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is challenging the execution of his sentence with respect to his assertion that he has not received appropriate credit for the time spent while in federal custody on

6

the writ and a § 2241 is the proper method of so doing.. However, in his amended document, the petitioner is challenging the sentence imposed pursuant to § 5G1.3 of the United States Sentencing Guidelines. (Dckt. 14, p. 9.) Although the petitioner has raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of <u>Jones</u>, conspiracy to distribute less than 50 grams but at least 5 grams of crack cocain in violation of 21 U.S.C. § 846 remains a criminal offense, and therefore the petitioner cannot satisfy the second element of <u>Jones</u>. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and to the extent that he challenges his sentence, § 2241 is not available to him.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss, Motion for Summary Judgment (Dckt. # 16) be **GRANTED** and the petitioner's § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party my file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

**DATED**: February 2, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE