IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CHARLES JERMAINE KING,**

    Petitioner,

v.                                                                               **CIVIL ACTION NO. 2:11-CV-50**
                                                                                       **(BAILEY)**

**KUMA J. DEBOO,**
**Warden FCI Gilmer,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation [Doc. 21] of United States Magistrate Judge David J. Joel. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Upon his initial review, Magistrate Judge Joel filed his R&R on February 2, 2012. In that filing, the magistrate judge recommends that this Court deny the petitioner's § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  After an extension, objections to Magistrate Judge Joel's R&R were due on March 26, 2012.  The petitioner timely objected on March 23, 2012 [Doc. 26].  Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  The Court will review the remainder of the R&Rs for clear error.

## II.    Procedural History

On December 19, 2007, the petitioner was arrested by Virginia state authorities for distribution of cocaine.  On March 18, 2008, the petitioner was sentenced by the Commonwealth of Virginia to a term of imprisonment of 2 years and 11 months.

On May 19, 2008, federal authorities borrowed the petitioner pursuant to a federal writ of habeas corpus ad prosequendam.  On May 28, 2008, the petitioner was charged in a one-count indictment with conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine in the Western District of Virginia.  By order entered September 12, 2008, the district court dismissed the indictment without prejudice based on a violation of the Interstate Agreement on Detainers.  On September 24, 2008, a grand jury returned a second indictment charging the petitioner with conspiring to possess with intent to distribute 50 grams or more of crack cocaine.  The petitioner pled not guilty and was tried and convicted before a jury in May 2009 of the lesser included offense of conspiring to possess with intent to distribute less than 50 grams but at least 5 grams of crack cocaine.  On October 19, 2009, the petitioner was sentenced to 180 months imprisonment, to run

concurrently with his imprisonment on the state law charges. On August 18, 2011, the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's conviction and sentence by unpublished opinion. See **United States v. Morton**, 443 Fed.Appx. 775 (4th Cir. 2011).

On June 30, 2011, the petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. 2241 ("original § 2241 petition") [Doc. 1] in this Court from Federal Correctional Institution Gilmer, located in Glenville, West Virginia. Specifically, the petitioner argues that he is entitled to credit against his federal sentence for the time he served from April 22, 2008, the date he was temporarily turned over to the custody of the United States Marshal Service pursuant to a writ of habeas corpus ad prosequendum, through October 18, 2009, the day before his federal sentence was imposed. In support of this argument, the petitioner emphasizes that his federal sentence was ordered to run concurrently with his state sentence. On August 1, 2011, the petitioner filed an "Amendment to Complaint" [Doc. 8], which supplemented his § 2241 petition by asking the Court to consider remanding the case back to the sentencing court with instructions to address the matter of the concurrent sentences ("supplemental § 2241 petition").

On October 3, 2012, the respondent filed a Motion to Dismiss or for Summary Judgment [Doc. 16], arguing that the petitioner is not entitled to any additional prior custody credit because to do so would award him double credit for his detention time. On February 2, 2012, Magistrate Judge Joel entered the instant R&R [Doc. 21], recommending that this Court grant the respondent's motion and deny and dismiss the petitioner's § 2241 petition, as supplemented. The petitioner objected on March 23, 2012 [Doc. 26].

### III. Discussion

#### A. Original Petition

Upon a *de novo* review of the petitioner's original § 2241 petition, this Court agrees with the magistrate judge that the petitioner is not entitled to any additional credit for time served.

"The computation of a federal sentence requires consideration of two separate issues. Initially, [a court should] determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." **Binford v. United States**, 436 F.3d 1252, 1254 (10th Cir. 2006) (citation omitted). Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Section 3585(b) requires that a defendant be given credit "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b).

On the first issue, this Court finds that the petitioner's federal sentence commenced on October 19, 2009, the date the sentence was imposed. Though the petitioner was not placed into the custody of the Bureau of Prisons ("BOP") until June 21, 2010 (when he completed his state sentence), the BOP made a *nunc pro tunc* designation of the state facility for service of the federal sentence to carry out the wishes of the federal sentencing court's concurrent sentence. See **United States v. Evans**, 159 F.3d 908, 911-12 (4th Cir.

4

1998) (a federal sentence may commence on a defendant who is in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the sate facility for service of the federal sentence.").

On the second issue, this Court finds that the petitioner is not entitled to any credit for time served in custody prior to the commencement of his federal sentence. The petitioner does not contend, and there is no indication, that he did not receive credit on his state sentence for the time he spent in custody prior to his return to the state after the federal proceedings had concluded. As such, the petitioner is precluded from *also* receiving the same credit against his federal sentence. See 18 U.S.C. § 3585(b). Accordingly, the petitioner's objections are **OVERRULED**.

### B. Supplemental Petition

Upon a *de novo* review of the petitioner's supplemental § 2241 petition, this Court agrees with the magistrate judge that the same is a § 2255 motion improperly filed pursuant to § 2241. First, this Court agrees that the petitioner's request for a remand contained in the supplemental § 2241 petition concerns the validity of the petitioner's sentence, an area reserved for a § 2255 motion. Consequently, the petitioner may only proceed pursuant to § 2241 if he can demonstrate that he is entitled to application of the savings clause in § 2255. Second, this Court agrees that the petitioner has failed to make the requisite showing, i.e., that § 2255 cannot provide an adequate and effective remedy.

The Fourth Circuit has explained that § 2255 is inadequate and ineffective to test the legality of a conviction only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme

>  Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Even assuming satisfaction of the first and third elements of *Jones*, there can be no question that conspiracy to distribute less than 50 grams but at least 5 grams of crack cocaine remains a criminal offense. See 21 U.S.C. § 846 (2012). As such, the petitioner cannot satisfy the second element of *Jones* required to demonstrate that § 2255 is an inadequate and ineffective remedy. Thus, the petitioner's supplemental § 2241 petition is undoubtedly a § 2255 motion improperly filed pursuant to § 2241. Accordingly, the petitioner's objections are **OVERRULED**.

## IV.    Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Doc. 26]** are **OVERRULED**. Accordingly, the respondent's Motion to Dismiss or for Summary Judgment **[Doc. 16]** is hereby **GRANTED** and the petitioner's § 2241 petition **[Doc. 1]**, as supplemented **[Doc. 8]**, is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby

**DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 3, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE